IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　CASES NO. 4:10cr39-RH/CAS
　　　　　　　　　　　　　　　　　　　　　　　　4:14cv82-RH/CAS
LAWRENCE BERRY, JR.,

　　　　Defendant.

_____/

# ORDER DENYING THE § 2255 MOTION

The defendant Lawrence Berry, Jr. has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. This order denies the motion.

The background is this. An investigation turned up evidence that Mr. Berry was the source of multiple kilograms of cocaine that were being distributed into Tallahassee. Officers executed a search warrant at an apartment where Mr. Berry and two others were present. Mr. Berry had a key to the apartment. Officers found 730 grams of cocaine, a digital scale, over $15,000 in cash, and, on the mantle over the fireplace, an assault rifle.

A jury convicted Mr. Berry on four charges: conspiracy to distribute or possess with intent to distribute 500 grams or more of cocaine; possessing with intent to distribute 500 grams or more of cocaine; possessing a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and possessing a firearm and ammunition as a convicted felon.

Because Mr. Berry had a prior drug felony conviction, the minimum sentence on the drug counts was 10 years. The 924(c) conviction required a minimum *consecutive* sentence of 5 years. The minimum overall sentence thus was 15 years. Mr. Berry received the minimum sentence: 15 years or, in the language of federal sentences, 180 months. On direct appeal, the Eleventh Circuit upheld the conviction and sentence.

Mr. Berry's § 2255 motion challenges the conviction and sentence on multiple grounds. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 160. The recommendation is to deny the motion. Mr. Berry obtained an extension of the deadline for filing objections, but the deadline has passed, and no objections have been filed. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

The jury explicitly found that Mr. Berry's drug offenses involved 500 grams of cocaine or more. The minimum sentence for such an offense was 10 years if the defendant had a prior "felony drug offense." *See* 21 U.S.C. § 841(b)(1)(B). Mr. Berry had a prior Florida state-court conviction of sale of marijuana. He committed the offense at age 16, but he was convicted as an adult. The offense was a felony.

And so it was a "felony drug offense." Mr. Berry lost the contrary contention on direct appeal, *see* ECF No. 117, and is not entitled to relitigate the issue under § 2255. And in any event, the ruling was correct. Mr. Berry's citation of cases dealing with entirely different issues—the meaning of "aggravated felony" under the Immigration and Nationality Act or the meaning of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the method for determining whether a conviction meets those definitions—misses the point entirely. Mr. Berry received the minimum permissible sentence and has no grounds for any complaint about the sentence.

    Mr. Berry asserts his attorney rendered ineffective assistance by failing to advise him to accept an alleged plea offer under which the government would have abandoned the 924(c) count with its 5-year consecutive sentence. As accurately set out in the report and recommendation, the consistent practice of the United States Attorney in this district was not to bargain on matters of this kind. In more than 20 years of presiding over cases like this in this district, I have never once heard of a plea offer to drop a 924(c) charge or to reduce or limit a sentence. Mr. Berry does not and could not reasonably claim personal knowledge that there was any such offer. He has proffered nothing suggesting that at an evidentiary hearing, he could present evidence that any such offer was ever made. He is not entitled to relief or even to an evidentiary hearing on this claim.

Mr. Berry asserts his attorney was ineffective in various respects at trial, but all of this constitutes Monday-morning quarterbacking. As accurately set out in the report and recommendation, none of the alleged errors affected the verdict. Mr. Berry lost because of the substantial evidence of his guilt, not because of anything his attorney did or did not do.

For these reasons and those set out a greater length in the report and recommendation, Mr. Berry is not entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Barry has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on March 13, 2017.

s/Robert L. Hinkle  
United States District Judge